FILED

**NOT FOR PUBLICATION**

DEC 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATALIA MARGARITA ZAPICO-DELGADO, etc.<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., ATTORNEY GENERAL,<br><br>Respondent. | No. 06-74321<br><br>Agency No. A091-637-431<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2010
San Francisco, California

Before: THOMAS and IKUTA, Circuit Judges, and SETTLE,[**] District Judge.

We deny the petition for review. In 2009 the United States Supreme Court

decided the case of *Nijhawan v. Holder*, 129 S. Ct. 2294 (2009), and held that,

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Benjamin Hale Settle, United States District Judge for
the Western District of Washington, sitting by designation.

when evaluating offenses under 8 U.S.C. § 1101(a)(43)(M)(i), courts should    treat the references to "victim or victims" and a monetary loss in excess of $10,000 "not . . . [as] an element of the fraud or deceit crime," but as "refer[ences] to the particular circumstances in which an offender committed a (more broadly defined) fraud or deceit crime on a particular occasion." *Id*. at 2297-98.  In determining whether these circumstances were present in a particular case, the Court also indicated that the decisionmaker would not be limited to reviewing the record of conviction, but could also consider a restitution order. *Id*. at 2303.  Here, *Nijhawan* is controlling.  The Board of Immigration Appeals did not err in affirming the Immigration Judge's reliance on the order of restitution to find that Petitioner's conviction for unlawful use of means of identification, in violation of 18 U.S.C. § 1028(a)(7), constituted an aggravated felony conviction under 8 U.S.C. § 1101(a)(43)(M)(I).  Therefore, we lack jurisdiction to review Petitioner's final order of removal.  8 U.S.C. § 1252(a)(2)(C).

**DENIED.**